Attorney No. 3122002

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE BROWN, individually and as mother of DEVONTA DAVIS, a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202, JOHN HARPER, Superintendent of Plainfield Community Consolidated School District 202, BOARD OF EDUCATION OF PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202 and RON KAMZAR, MICHAEL KELLY, ROD WESTFALL, STUART BLEDSOE, ROGER BONUCHI, VICTORIA EGGERSTEDT and DAVE OBRZUT, as members of the BOARD OF EDUCATION OF PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 07 CV 3873<br><br>Judge Ruben Castillo<br><br>Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now comes Plaintiff, Charlene Brown (hereinafter referred to as "Plaintiff"), individually and as mother of Devonta Davis, a minor (hereinafter referred to as "Davis"), by Pinzur, Cohen & Kerr, Ltd., their attorneys, as her memorandum of law in response to Defendants', Plainfield Community Consolidated School District 202, Board of Education of Plainfield Community Consolidated School District 202, Ron Kamzar, Michael Kelly, Rod Westfall, Stuart Bledsoe, Roger Bonuchi, Victoria Eggerstedt, Dave Obrzut and John Harper (hereinafter collectively referred to as "Defendants"), Motion For Summary Judgment (hereinafter referred to as "Motion") and states:

## ARGUMENT

### I. STANDARD FOR SUMMARY JUDGMENT

A summary judgment motion must be granted if there is "no genuine issue as to any material fact". *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002). In deciding a Motion For Summary Judgment, the Court must "read the record in the light most favorable to the non-moving party" although it "is not required to draw unreasonable inferences from the evidence". *Vajk, v. Galvin*, 2000 U.S. Dist. LEXIS 7455 at 3 (April 20, 2000). "A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant." *Caruthers, v. Matos*, 1997 U.S. Dist. LEXIS 5277 at 9 (April 14, 1997), *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### II. ARGUMENT

Defendants contend *Wood v. Strickland,* 420 U.S. 308, 326, 95 S. Ct. 992 (1975), stands for the proposition "it is not the role of the federal courts to set aside the decisions of school administrators which the court may view as lacking a basis in wisdom or compassion." Defendants' Brief at 2. However, *Wood v. Strickland* placed the specific caveat, in said case, that "there was evidence supporting the charge against respondents" and said statement was mere *dicta*. *Id.* At 326.

Ms. Moye, the teacher who allegedly was sexually harassed by minor Plaintiff, testified there was more than sufficient room, four feet, for Minor Plaintiff to pass without coming into contact with her. *Second Amended Complaint*, Exhibit A, p. 1. Ms. Moye denied the second incident was inadvertent based, in part, upon the alleged availability of substantial space for the

Minor plaintiff to pass without contact. *Second Amended Complaint*, Exhibit A, p. 3. However, there was only 45 inches of space between the computer desk top and the wall for Minor Plaintiff to pass by Ms. Moye. Affidavit Of Robert S. Pinzur, Plaintiff Appendix, Exhibit C, P3. Therefore, it is subject to a trier of fact's determination whether or not there was an abuse of discretion and whether the decision was against the manifest weight of the evidence. In short, Defendants have not satisfied its burden there was no genuine issue of material fact.

Defendants place great emphasis upon Ms. Moye's assertion there was "ample space for Minor Plaintiff to have moved behind her without 'accidentally' touching her". Defendants' Brief at 4. However, there was only 45 inches of space between the computer desk top and the wall for Minor Plaintiff to pass by Ms. Moye. Affidavit Of Robert S. Pinzur, Plaintiff Appendix, Exhibit C, P3. Therefore, it is the decision of a trier of fact whether the determination by Defendants there was "ample space" is an abuse of discretion and against the manifest weight of the evidence.

Ms. Moye further testified she could not specify in detail what made the two separate alleged incidents of touching different other than they "felt" different to her and produced a different feeling on her part. *Second Amended Complaint*, Exhibit A, p. 3. As there was no evidence, but a mere feeling by Ms. Moye, the decision is an abuse of discretion and against the manifest weight of the evidence.

Ms. Moye testified, if the second incident had not occurred, she would never have given the first incident another thought. *Second Amended Complaint*, Exhibit A, p. 3. Such testimony certainly suggests the same type of touching could constitute an inadvertent touching. Once

again, there was no evidence the alleged contact was intentional and, therefore, the decision was an abuse of discretion and against the manifest weight fo the evidence.

Ms. Moye admitted she was not grabbed, but merely "believes" she was brushed by the back of Minor Plaintiff's hand. *Second Amended Complaint*, Exhibit A, p. 4. A belief does not constitute evidence, but is little more than speculation. As there was no evidence the alleged contact was intentional and, therefore, the decision was an abuse of discretion and against the manifest weight fo the evidence.

Ms. Moye further testified "I doubt it"that Minor Plaintiff did not even realize he touched her. *Second Amended Complaint*, Exhibit A, p. 4. Ms. Moye's doubts do not rise to the level of evidence, but, once again, is the mere speculation of Ms. Moye. Therefore, the decision was an abuse of discretion and against the manifest weight fo the evidence.

8.2% of the student population of Defendant School District was Black during 2006 - 2007. Plaintiff Appendix, Exhibit B. 8.7% of the student population of Defendant School District was Black during 2007 - 2008. Plaintiff Appendix, Exhibit B. 64.2% of the student population of Defendant School District was White during 2006 - 2007 and 35.8% was Non-White. Plaintiff Appendix, Exhibit B. 62.2% of the student population of Defendant School District was White during 2007 - 2008 and 37.8% was Non-White. Plaintiff Appendix, Exhibit B.

Of the students expelled from Defendant School District, 28.125% were Black in 2006-2007 and 71.8% were Non-White. Of the students expelled from Defendant School District, 21.4% were Black in 2007-2008 and 78.5% were Non-White. Defendants' Appendix, Exhibit C, pp. D000367-D000369.

Since February 21, 2002, 61 students were alleged to have committed the offense of Sexual Harassment within Defendant School District. Defendants' Appendix, Exhibit C, p. D000373. During said period, the record clearly demonstrates:

1. Minor Plaintiff was the only student expelled for Sexual Harassment from Defendant School District. Defendants' Appendix, Exhibit C, p. D000373.

2. 22% of the students alleged to have committed the offense of Sexual Harassment within Defendant School District were Black and 47.4% were Non-White. Defendants' Appendix, Exhibit C, p. D000373.

During said period, Defendant School District penalized 34 students alleged to have committed the offense of Sexual Harassment with an out of school suspension. Defendants' Appendix, Exhibit C, p. D000373. Of said 34 students, 2 students' race was unknown. Defendants' Appendix, Exhibit C, p. D000373. However, 21.8% of the remaining 32 students alleged to have committed the offense of Sexual Harassment and penalized with an out of school suspension were Black and 46.8% were Non-White. Defendants' Appendix, Exhibit C, p. D000373.

Defendants claim Defendants' administration "accused" Minor Plaintiff of intentionally touching Teacher Moye on her buttocks on two separate occasions. Defendants' Brief In Support Of Defendants' Motion For Summary Judgment (hereinafter referred to as "Defendants' Brief"), p.3. However, Defendants' own Statement of Undisputed Facts admits Ms. Moye even admitted she "assumed" the first touching was a mistake. *Defendants' L.R. 56.1(A)(3) Statement of Undisputed Facts*, para. 14 (b). *Second Amended Complaint*, Exhibit A, pp. 3-4.

5

Contrary to Defendants' assertion Minor Plaintiff's testimony "is in direct contradiction to the allegations of the Second Amended Complaint (Defendants' Brief at 4-5), it is consistent that Minor Plaintiff's failure to have any recollection of touching Ms. Moye would result in a denial of said alleged contact.

Defendants' characterization of Minor Plaintiff's assertion as to the reason he told Sydnei of the alleged offensive rumor as an "excuse" is without support and contrary to the evidence. Defendants' Brief at 5. There was not a scintilla of evidence contrary to Minor Plaintiff's explanation for the statement he made to Sydnei. Defendants' assertion that said statement was "announced" (Defendants' Brief at 5) is an embellishment of the record and contrary to the uncontradicted testimony of Minor Plaintiff. *Second Amended Complaint*, Exhibit A, pp. 4-5.

Defendants place great emphasis upon the fact Minor Plaintiff, a Freshman in High School, was unable to articulate the basis of the discrimination claim. Defendants' Brief at 6. Defendants also place great emphasis upon Plaintiff's testimony as to the proof of discrimination. Defendants' Brief at 7. Defendants even go so far as to suggest Plaintiff was quoted as claiming she relied upon a "process of elimination" theory. Defendants' Brief at 7. However, there was no such testimony regarding a "process of elimination" theory by Plaintiff or anyone else in this cause and, therefore, said statement should be disregarded by this Court.

Defendants suggest it is merely Plaintiff's belief Minor Plaintiff was expelled because Defendants "thought he (Minor Plaintiff) was inappropriate with a teacher." Defendants' Brief at 7. However, the very Notice of Expulsion prepared by Defendants specifically and expressly states "the Board determined that your child (Minor Plaintiff) had been inappropriate with one of

6

his teachers." Plaintiff's Appendix, Exhibit A. The Notice does not state Minor Plaintiff committed sexual harassment or violated the Defendants' policy against sexual harassment.

Defendants contend "there is absolutely no evidence that in expelling the Minor Plaintiff, the District 'intentionally or recklessly' discriminated against him because he is Black." Defendants' Brief at 9. However, the following is clear from the record:

1. Only 8.2% of the student population of Defendant School District was Black during 2006-2007. Plaintiff's Appendix, Exhibit B.

2. Only 8.7% of the student population of Defendant School District was Black during 2007-2008. Plaintiff's Appendix, Exhibit B.

3. 64.2% of the student population of Defendant School District was White during 2006-2007 and 35.8% was Non-White. Plaintiff's Appendix, Exhibit B.

4. 62.2% of the student population of Defendant School District was White during 2007-2008 and 37.8% was Non-White. Plaintiff's Appendix, Exhibit B.

Notwithstanding the above, the record clearly demonstrates:

1. Of the students expelled from Defendant School District, 28.125% were Black in 2006-2007 and 71.8% were Non-White. Defendants' Appendix, Exhibit C, D000368-D000369.

2. Of the students expelled from Defendant School District, 21.4% were Black in 2007-2008 and 78.5% were Non-White. Defendants' Appendix, Exhibit C, D000369.

7

3.  Since February 21, 2002, 61 students were alleged to have committed the offense of Sexual Harassment within Defendant School District. Defendants' Appendix, Exhibit C, D000373.

4.  During said period, Minor Plaintiff was the only student expelled for Sexual Harassment from Defendant School District. Defendants' Appendix, Exhibit C, D000373.

5.  During said period, 22% of the students alleged to have committed the offense of Sexual Harassment within Defendant School District were Black and 47.4% were Non-White. Defendants' Appendix, Exhibit C, D000373.

6.  During said period, Defendant School District penalized 34 students alleged to have committed the offense of Sexual Harassment with an out of school suspension. Defendants' Appendix, Exhibit C, D000373.

Of said 34 students alleged to have committed the offense of Sexual Harassment with an out of school suspension, 2 students' race was unknown. Defendants' Appendix, Exhibit C, D000373. However, 21.8% of the remaining 32 students alleged to have committed the offense of Sexual Harassment and penalized with an out of school suspension were Black and 46.8% were Non-White. Defendants' Appendix, Exhibit C, D000373. In short, a substantially and significant disproportionate percentage of Blacks and Non-Whites were expelled and disciplined by Defendant School District creating a pattern of discrimination.

Defendants' decision to expel Minor Plaintiff is against the manifest weight of the evidence for the following reasons:

1. Ms. Moye, the alleged victim, testified her "belief" Minor Plaintiff touched her buttocks with the back of his hand was heightened when Ms. Moye observed Minor Plaintiff and another student talking and looking at Teacher Moye. *Second Amended Complaint*, Exhibit A, p. 4. Ms. Moye's belief is mere speculation and does not constitute evidence.

2. Ms. Moye was unable to confirm, with another female student, Minor Plaintiff was discussing Ms. Moye. The only finding of fact made by Defendants, at the expulsion hearing, was Minor Plaintiff, while returning to Minor Plaintiff's seat from the classroom printer, passed by Ms. Moye. *Second Amended Complaint*, Exhibit A.

3. Defendants made a finding of fact Ms. Moye only believed Minor Plaintiff touched Ms. Moye's buttocks with the back of Minor Plaintiff's hand. There was no actual evidence, but a mere belief. *Second Amended Complaint*, Exhibit A, p. 4.

4. There is no testimony in the record said alleged touching of Ms. Moye's buttocks was observed by any person whatsoever. *Second Amended Complaint*, Exhibit A.

Defendants have failed to put forth any evidence, aside from Ms. Moye's speculative belief, supporting Ms. Moye's claim Minor Plaintiff brushed her buttocks with the back of Minor Plaintiff's hand. *Second Amended Complaint*, Exhibit A. Yet, the photographs clearly demonstrate Ms. Moye's claim as to the distance between Minor Plaintiff and her is not plausible and contrary to the testimony. There absolutely could not be four (4) feet between Ms. Moye and the wall as Ms. Moye was standing in the aisle which had only 45 inches which is three (3) less than four (4) feet, not even including the fact Ms. Moye's body had to take up some space in the aisle. Plaintiff's Appendix, Exhibit C. Therefore, it was impossible to have a four (4) foot aisle

between Ms. Moye and the wall when there was less than four (4) feet of space even if Ms. Moye was not standing in the aisle. As a result thereof, said decision is against the manifest weight fo the evidence.

It is a question of fact for the trier of fact whether it was an abuse of discretion and against the manifest weight of the evidence as to whether or not there was sufficient room for Minor Plaintiff to pass without coming into contact with Ms. Moye. As indicated in P3, there was a Bulletin Board on the wall and, therefore, it is an abuse of discretion and against the manifest weight of the evidence to determine the alleged contact by Minor Plaintiff was intentional as there was no evidence in the record of such intention.

A substantially and significant disproportionate percentage of Blacks and Non-Whites were expelled and disciplined by Defendant School District creating a pattern of discrimination which is subject to the determination of the trier of fact and should not be resolved by summary judgment. Further, the determination as to whether there was an abuse of discretion or the decision was against the manifest weight of the evidence is subject to the determination of a trier of fact and should not be resolved by summary judgment.

                Respectfully submitted,

                s/Robert S. Pinzur
                Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Attorney No.: 3122002
Attorney for Plaintiff
Suite 208, 4180 RFD Route 83
Long Grove, IL 60047
847/821-5290
847/821-5293 (fax)